**Smiljka N. CUBELIC, Plaintiff–Appellant,**

v.

**INDIANA UNIVERSITY, Defendant–Appellee.**

No. 03–2410.

United States Court of Appeals, Seventh Circuit.

Submitted April 5, 2004.*

Decided April 5, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Smiljka Cubelic, South Bend, IN, pro se.

Thomas J. Brunner, Jr., Baker & Daniels, South Bend, IN, for Defendant–Appellee.

Before BAUER, COFFEY, and ROVNER, Circuit Judges.

## ORDER

Smiljka Cubelic sued Indiana University under Title VII, 42 U.S.C. § 2000e *et seq.*, alleging that the University discriminated against her based on her sex and national origin and retaliated against her for complaining to the head of the Department of English about another professor. The district court granted summary judgment for the University, and Cubelic appeals pro se. We affirm.

Cubelic has worked intermittently for Indiana University since 1988. While she was serving as director of the University's English as a Second Language Program in the early 1990s, the director of the International Program, Professor Romesh Mehra, accused her of "professional incompetence." She in turn accused him of harassing her because he wanted to control her program. The English department investigated these accusations and determined in 1992 that Cubelic was a competent director and that Professor Mehra had indeed harassed her. (The record does not reflect the nature of the harassment or the University's response.) Due to restructuring, however, Cubelic lost her full-time position in 1993. Since then she has worked only as a part-time lecturer at the University. She believes that despite being vindicated in the departmental investigation, certain administrators and other faculty remained prejudiced against her and kept her from obtaining various full-time positions at the University. Cubelic filed an EEOC charge in September 2000, alleging that the University discriminated against her during numerous hiring decisions.

The district court granted summary judgment for the University. The court declined to consider any of Cubelic's claims that arose from conduct that occurred more than 300 days before her EEOC filing in September 2000. Of the two hiring decisions that occurred within 300 days of the EEOC filing, the court determined that Cubelic did not offer sufficient evidence to go forward on either claim.

On appeal, Cubelic argues for the first time that the district court should have considered the merits of her claims of discrimination and retaliation that arose before the 300–day statutory cut-off. She concedes that she did not file EEOC charges concerning these claims within the applicable time limit, but argues that her delay in filing was justified because she was giving the University a chance to informally resolve her complaints without litigation. As additional reasons for her delay, she points to her mental state due to a family tragedy and the fact that as a Croatian national she was not "fully cognizant of the litigious nature of the American political culture."

Arguments such as these that were not presented to the district court are waived. *See Palmer v. Marion County,* 327 F.3d 588, 597–98 (7th Cir.2003). Indeed, Cubelic conceded in the district court that her untimely claims could not serve as a basis for the suit. Although she now argues

that "there were genuine issues of material fact that were not adequately covered by prior representation," a pro se appellant is bound by the representations made by her attorney below. *See Dunphy v. McKee,* 134 F.3d 1297, 1300 (7th Cir.1998). Additionally, Cubelic's briefs on appeal do not offer any legal support for her arguments, and we have dismissed pro se litigants' appeals for similar deficiencies. *See* Fed. R.App. P. 28(a)(9); *Anderson v. Hardman,* 241 F.3d 544, 545–46 (7th Cir.2001).

AFFIRMED.